UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID NEMANICH ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1726** |
| **RADIONEMO OF NORTH AMERICA, ET AL.** | **SECTION "O"** |

## ORDER AND REASONS

David Nemanich and Cheryl Nemanich ("Plaintiffs") move the Court to enter a default judgment[1] for $305,265.00 plus post-judgment interest and attorney's fees against RadioNemo of North America and Michael Burns ("Defendants"). Because Plaintiffs have not demonstrated that this Court has subject matter jurisdiction and the complaint[2] and motion[3] for default judgment contain other deficiencies, the Court **DENIES** Plaintiffs' motion.

### I. BACKGROUND

Plaintiff David Nemanich, known professionally as Dave Nemo, is the longtime proprietor of a radio show marketed primarily to truck drivers and the trucking industry called the "Dave Nemo Show."[4] From 1999 until 2015, Plaintiffs had an "unwritten partnership" with Defendant Michael Burns that operated under the name "David Nemo Entertainment."[5] Together, David Nemanich and Michael Burns

---

[1] ECF No. 17 (Motion for Default Judgment).
[2] ECF No. 1 (Complaint).
[3] ECF No. 17.
[4] ECF No. 1 at ¶ 7. On a motion for default judgment, a court takes the plaintiff's well-pleaded factual allegations as true. *See United States ex rel. M-CO Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987).
[5] *Id.* at ¶ 6.

managed the Dave Nemo Show, with Nemanich acting as the program producer and program host and Burns managing the finances and day-to-day accounting, payroll, and bookkeeping operations.[6] Nemanich and Burns did not have a written contract governing their partnership.[7] Instead, they had an "oral contract" regarding Nemanich's and Burns' respective responsibilities and ownership over the company, agreeing that Nemanich owned 51% and Burns owned 49%.[8]

On December 22, 2015, Nemanich decided to change the partnership's name from David Nemo Entertainment to RadioNemo of North America ("RadioNemo").[9] Nemanich asked Burns to effectuate the change.[10] Burns, acting without an attorney and using an online producer of legal documents, created a Chapter C Corporation in Mississippi, "RadioNemo of North America, Inc."[11] Burns listed himself as the sole Director of the corporation and Chief Financial Officer.[12] Nemanich was named President and Nemanich's wife, Cheryl Nemanich, was named Treasurer.[13] The corporate documents provided for the creation of 100,000 shares.[14] Burns issued 50,000 shares of common stock to himself for a total purchase price of $100. Burns did not issue any common stock to Nemanich, in violation of their oral agreement that Nemanich owned 51% of the company.[15]

---

[6] *Id.* at ¶¶ 6-8.
[7] *Id.* at ¶ 8.
[8] *Id.*
[9] *Id.* at ¶ 9.
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] *Id.* at ¶ 10.
[15] *Id.*

Nemanich alleges that both before and after incorporating RadioNemo, Burns was "engaged in a scheme to divert corporate funds and assets to his personal use."[16] Burns allegedly used company credit cards for a variety of personal expenses, including personal property taxes, clothing, private yacht clubs, and paying himself and his wife excessive salaries.[17] Burns also mismanaged the corporate books such that the IRS required the company to pay $48,000 in back taxes, interest, and penalties; made improvident loans in excess of $230,000; and failed to pay the company's employees and contractors.[18]

On July 10, 2024, Plaintiffs filed a complaint in the Eastern District of Louisiana alleging claims against Defendants Michael Burns and RadioNemo of North America, Inc. for "conversion of corporate property, payment of funds for personal gain and not the benefit of the corporation, breaches of fiduciary duties of care and loyalty to the corporation, interference in RadioNemo, Inc.'s operations, negligent misrepresentation along with unjust enrichment,"[19] Plaintiffs also seek an accounting, as well as injunctive relief to "appoint Cheryl Nemanich as receiver of RadioNemo, Inc. to hold and preserve the Company assets until the final determination of this action," to "issue 51% of common stock to Plaintiff Nemanich as majority shareholder," and to "prevent[]the Defendant from disposing of corporate assets."[20] Plaintiffs allege that this Court has jurisdiction over this dispute under 28

---

[16] *Id.* at ¶ 11.
[17] *Id.*
[18] *Id.* ¶¶ at 12-14.
[19] *Id.* ¶ at 1.
[20] *Id.* ¶¶ at 1, 34-35. Plaintiffs also puzzlingly seek a "writ of mandamus ordering the Defendant to issue stock in Radio Nemo, Inc., to the Plaintiffs." *Id.* Plaintiffs also sought a "Temporary

3

U.S.C. § 1332[21] because there is complete diversity amongst the parties and the amount in controversy exceeds $75,000.[22]

Plaintiffs assert that Defendants Michael Burns and RadioNemo were served with a copy of the summons and the Complaint.[23] When Defendants did not timely file an Answer to the Complaint, Plaintiffs filed a motion for an entry of default under Fed. R. Civ. P. 55(a), which the Clerk granted.[24] Plaintiffs then filed a motion[25] for default judgment under Fed. R. Civ. P. 55(b) for $305,265.00 plus post-judgment interest and attorney's fees. For the following reasons, the Court denies that motion.

## II. ANALYSIS

### A. Subject Matter Jurisdiction

A district court has an "affirmative duty to look into its jurisdiction both over the subject matter and the parties" before it can enter a default judgment. *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) (citation omitted). The Court cannot enter a valid default judgment against a defendant when it does not have jurisdiction over that defendant. *Id.*

Plaintiffs here allege this Court has subject matter jurisdiction over their claims based on diversity jurisdiction, 28 U.S.C. § 1332(a).[26] Federal courts have original jurisdiction based on diversity of citizenship over civil cases between "citizens

---

Restraining Order enjoining the alienation of the Company funds and equipment," though they did not respond when the clerk's office requested the required paperwork for a TRO and injunction.
[21] Plaintiffs incorrectly cite 28 U.S.C. § 1331 in their Complaint. *Id.* ¶ 4.
[22] *Id.*
[23] ECF Nos. 7, 8. Plaintiffs do not explain under which rules service was supposedly perfected.
[24] ECF Nos. 9-14.
[25] ECF No. 17.
[26] ECF No. 1 at ¶ 4.

of different States" in which the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). This includes the requirement of "complete diversity" of the parties. *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). Complete diversity exists when "all persons on one side of the controversy [are] citizens of different states than all persons on the other side." *Id.* (citation omitted).

Here, Plaintiffs' jurisdictional allegations suffer from several defects that prevent this Court from determining that it has subject matter jurisdiction over this action. *See MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) ("Because federal courts have limited jurisdiction, parties must make 'clear, distinct, and precise affirmative jurisdictional allegations' in their pleadings.") (citation omitted).

First, Plaintiffs allege they are each "residents of the Parish of Jefferson, State of Louisiana, and citizens of the United States of America," and that Defendant Michael Burns was a "resident of Ocean Springs, Mississippi."[27] But Plaintiffs must allege they are *citizens* of Louisiana, and Defendant Burns is a *citizen* of Mississippi—and not merely residents—to satisfy the requirement that they be "citizens of different states than all persons on the other side." *McLaughlin*, 376 F.3d at 353; *see also MidCap*, 929 F.3d at 313 ("[A]n allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.'"). "Citizenship requires not only 'residence in fact' but also 'the purpose to make the place of residence one's home.'"

---

[27] ECF No. 1 at ¶¶ 2-3.

*MidCap*, 929 F.3d at 313 (cleaned up). Plaintiffs must therefore allege that the parties are citizens of their respective states to satisfy the requirement of complete diversity.

Second, Plaintiffs allege that they "were" residents of Louisiana, and Defendant Burns "was" a resident of Mississippi "[a]t all times pertinent hereto."[28] But diversity of citizenship of the parties "must be present at the time the complaint is *filed*," and not just when the action accrued. *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (emphasis added). Plaintiffs must therefore allege the parties were citizens of diverse states at the time the complaint was filed for there to be complete diversity.

Third, Plaintiffs name the corporation[29] RadioNemo of North America ("RadioNemo") as a defendant.[30] A corporation is "a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Accordingly, "'allegations regarding the citizenship of a corporation must set out the principal place of business of the corporation as well as the state of its incorporation.'" *MidCap Media*, 929 F.3d at 314 (citation omitted). Plaintiffs allege that RadioNemo is a "for-profit corporation, organized and domiciled in the State of Mississippi and doing business in the State of Louisiana."[31] But

---

[28] *Id.*

[29] As noted, Plaintiffs allege RadioNemo was established as a "Chapter C Corporation" incorporated in Mississippi. *Id.* ¶ 9. Plaintiffs also allege, however, that "Defendant Burns [] named himself the sole managing partner in the corporate documents," suggesting that RadioNemo could instead be an LLC. *Id.* ¶ 18. To be sure, the "citizenship of an LLC is determined by the citizenship of all of its members," requiring an LLC to "specifically allege the citizenship of every member of [the] LLC." *MidCap Media Fin*, 929 F.3d at 314 (cleaned up). If RadioNemo is an LLC, and not a corporation, Plaintiffs would need to clarify such and allege the citizenship of each member of RadioNemo.

[30] *Id.*

[31] *Id.* ¶ 6.

6

Plaintiffs also allege that Defendant Burns "conduct[ed] business in Louisiana, by managing the business and its employees in New Orleans and Metairie, Louisiana."[32] Plaintiffs' allegations fail to set out whether Defendant RadioNemo's principal place of business is Mississippi or Louisiana. Without assurances of Defendant RadioNemo's citizenship—and whether its citizenship overlaps with that of Plaintiffs—the Court cannot assume there is complete diversity.

Given the failure to properly allege diversity jurisdiction and standing, the Court must deny Plaintiffs' motion[33] for default judgment for lack of jurisdiction.

### B. Default Judgment

Even if Plaintiffs could cure the above jurisdictional defects, their motion for default judgment would still be inadequate.

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). But a "party is not entitled to a default *judgment* as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam) (emphasis added). "In fact, default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Id.* (quoting *Sun Bank of Ocala v. Pelican Homestead & Savings Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)).

---

[32] *Id.* ¶ 3.
[33] ECF No. 17.

A court enters default judgment only if there is "a sufficient basis in the pleading for the judgment entered." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). "The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Id*. But the corollary is also true: a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id*. The district court has discretion to grant or decline to grant the default judgment. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Here, even if the jurisdictional defects were cured such that this Court were assured of its jurisdiction, Plaintiffs have fallen short of the requisite showing that a default judgment would be appropriate. Plaintiffs' threadbare motion[34] for default judgment contains no explanation of how their allegations of fact entitle them to judgment under the law for any of their claims. Instead, Plaintiffs' motion simply asserts that they are entitled to $305,265.00 plus attorneys' fees because "the damages determination can be made by reviewing the complaint, the Nemanich affidavits, and the associated exhibits thereto."[35]

This is inadequate. Plaintiffs do not explain how any of their allegations of fact successfully assert a cause of action under the law for any of their claims. *See Lewis*, 236 F.3d at 767 (5th Cir. 2001) (affirming district court's refusal to grant default judgment because plaintiffs' "factual allegations, even if found true, could not impose

---

[34] ECF No. 17.
[35] *Id*. at 4. Plaintiffs attach affidavits of Cheryl and David Nemanich, which reiterate the factual allegations in the Complaint. They also attach multiple exhibits containing several hundred pages of apparent credit card charges, without further explanation. *See* ECF Nos. 17-2–17-10.

liability" against defendants); *Gross v. RSJ Int'l, LLC*, 2012 WL 729955, at *3 (E.D. La. Mar. 6, 2012) ("Since 'a party in default does not admit mere conclusions of law,' it 'remains for the [C]ourt to consider whether the unchallenged facts constitute a legitimate cause of action.'") (quoting Wright & Miller, 10A *Federal Practice & Procedure Civil* § 2688 (3d ed.)). Plaintiffs also fail to explain how hundreds of pages of exhibits of various credit card charges are relevant to any particular claim for damages or support any finding of damages. Indeed, it is unclear which claims Plaintiffs believe they are entitled to damages under; they also appear to have abandoned the request for injunctive relief. Plaintiffs even fail to explain why Louisiana's choice-of-law principles would lead to Mississippi law supposedly applying in this case.[36] *Rohr v. Allstate Ins. Co.*, 2007 WL 3120131, at *2 (5th Cir. Oct. 25, 2007) ("Federal courts sitting in diversity apply the choice of law principles of the state in which they sit.").

In sum, any substantive basis for Plaintiffs' entitlement to damages against Defendants—other than procedural default—remains unexplained in their motion.[37] The Court cannot grant a default judgment in this circumstance because it would likely be obliged to set the default aside on defendant's motion. *See Lindsey*, 161 F.3d at 893 (5th Cir. 1998) (when granting a default judgment, courts must consider, *inter alia*, "whether the court would think itself obliged to set aside the default on the defendant's motion"); *see also Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (citation omitted) ("A default judgment is unassailable on the

---

[36] ECF No. 1 at ¶ 1 (seeking relief under the "laws of the State of Mississippi.")
[37] *See generally* ECF No. 17.

merits but only so far as it is supported by well-pleaded allegations, assumed to be true.").

## III. CONCLUSION

Accordingly,

**IT IS ORDERED** that the motion[38] for default judgment is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiffs are granted leave to amend their Complaint within 20 days from the entry of this Order to correct the jurisdictional defects. *See* 28 U.S.C. § 1653. Failure to file timely an amended complaint will result in dismissal for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Plaintiffs' motion[39] for a status conference is **DENIED WITHOUT PREJUDICE**.

New Orleans, Louisiana, this 21st day of October, 2025.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[38] ECF No. 17.
[39] ECF No. 18.